IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| 3RD EYE SURVEILLANCE, LLC, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | DEMAND FOR JURY TRIAL |
| | § | |
| THE CITY OF FORT WORTH, TEXAS, | § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## FOR PATENT INFRINGEMENT

Plaintiff 3rd Eye Surveillance, LLC ("3rd Eye") files this, its Original Complaint for infringement of U.S. Patent No. 7,323,980 (attached hereto as "Exhibit A") against Defendant the City of Fort Worth, Texas ("Fort Worth") under 35 U.S.C. §271, and in support thereof would respectfully show the Court as follows:

### THE PARTIES

1.  Plaintiff 3rd Eye is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 2616 Boedeker Drive, Plano, Texas 75074.

2.  Defendant Fort Worth is a city located in Tarrant County, Denton County, and Wise County, Texas. Fort Worth may be served through its City Secretary, Mary J. Kayser, at 1000 Throckmorton Street, Fort Worth, Texas 76102.

**JURISDICTION AND VENUE**

3. This action arises under the United States Patent Laws, codified at 35 U.S.C. §§ 1, et seq., including §§ 271 and 281. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court may exercise jurisdiction over Fort Worth because Fort Worth is located in part within this forum and because this forum has an interest in adjudicating this dispute.

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b) because Fort Worth has committed acts of infringement in this judicial district.

**PATENT INFRINGEMENT**

6. United States Patent No. 6,778,085 ('the '085 Patent"), entitled "Security System and Method with Realtime Imagery" was duly and lawfully issued by the USPTO on August 17, 2004, after full and fair examination. The '085 Patent relates generally to video security systems, and in particular to such systems that record, store, and transmit images through the use of computer equipment, digital storage, and an electronic communications network. Plaintiff 3rd Eye is the exclusive licensee of all rights in the '085 Patent and possesses all rights of enforcement and recovery under the '085 Patent.

7. United States Patent No. 6,798,344 ("the '344 Patent"), entitled "Security Alarm System and Method with Realtime Streaming Video" was duly and lawfully issued by the USPTO on September 28, 2004, after full and fair

examination.  The '344 Patent relates generally to video security systems, and in particular to such systems that store, retrieve, and transmit images through the use of computer equipment, digital storage, and an electronic communications network.  Plaintiff 3rd Eye is the exclusive licensee of all rights in the '344 Patent and possesses all rights of enforcement and recovery under the '344 Patent.

8.     United States Patent No. 7,323,980 ("the '980 Patent"), entitled "Security System and Method with Realtime Imagery" was duly and lawfully issued by the USPTO on January 29, 2008, after full and fair examination.  The '980 Patent relates generally to video security systems, and in particular to such systems that store, retrieve, and transmit images through the use of computer equipment, digital storage, and an electronic communications network.  Plaintiff 3rd Eye is the exclusive licensee of all rights in the '980 Patent and possesses all rights of enforcement and recovery under the '980 Patent.

9.     Fort Worth has committed, and continues to commit, acts of infringement in violation of 35 U.S.C. § 271(a) by using security systems that infringe one or more claims of the '980 Patent.  Examples of such infringing security systems are described in the Professional Services Agreement between e-Watch Corporation and Fort Worth, attached to this Complaint as Exhibit B, incorporated herein by reference.

10.    Fort Worth's infringement of the '980 Patent has been and continues to be willful.

11. Fort Worth has caused and will continue to cause Plaintiff substantial damage and irreparable injury by virtue of its past and continuing infringement of the '980 Patent. Plaintiff will suffer further damage and irreparable injury unless and until Fort Worth is enjoined by this Court from continuing such infringement.

12. 3rd Eye is currently investigating whether Fort Worth infringes the '085 and the '344 Patents, but needs more information before making its determination.

## JURY DEMAND

13. Pursuant to Federal Rule of Civil Procedure 38, 3rd Eye demands a trial by jury.

## PRAYER

**WHEREFORE,** Plaintiff 3rd Eye Surveillance, LLC, prays that Defendant the City of Fort Worth, Texas, be cited to appear and answer herein, and that 3rd Eye be granted the following relief:

a. Judgment that Fort Worth has infringed, induced others to infringe, and committed acts of contributory infringement with respect to one or more claims of the '980 Patent;

b. A permanent injunction enjoining Fort Worth, its officers, agents, servants, employees, and those persons in active concert or participation with Fort Worth, from making, using, offering for sale, selling, or importing any device or product that is found to infringe the '980 Patent, and/or committing


acts that induce others to infringe or contribute to others infringement of the '980 Patent;

c.     Damages adequate to compensate for Fort Worth's patent infringement, but in no event less than a reasonable royalty for Fort Worth's practicing of the inventions claimed in the '980 Patent, together with interest and costs under 35 U.S.C. § 284;

d.     A finding that Fort Worth has willfully infringed the '980 Patent and enhanced damages of up to three times the amount of 3rd Eye's actual damages;

e.     Pre-judgment and post-judgment interest on the damages assessed;

f.     Declaring this case exceptional pursuant to 35 U.S.C. § 285, and awarding 3rd Eye its reasonable attorney's fees and expenses; and

g.     Such other and further relief, both at law and in equity, to which 3rd Eye may be entitled.

Respectfully submitted,

*/s/ Stephen A. Kennedy*
Stephen A. Kennedy
KENNEDY LAW, P.C.

1445 Ross Avenue,
Suite 4950
Dallas, TX 75202
Telephone: 214.716.4343
Fax: 214.593.2821

Counsel for Plaintiff
3rd Eye Surveillance, LLC